## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**TYRONE DASTUGUE**
**and CAROL DASTUGUE**                                                  **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 1:05CV687 LTS-RHW**

**STATE FARM FIRE & CASUALTY COMPANY**
**and KELLY CANNON**                                                **DEFENDANTS**

### MEMORANDUM OPINION

The Court has before it Plaintiffs Tyrone and Carol Dastugue's motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina.  The original state court complaint and the plaintiffs' first amended complaint alleges that the plaintiffs were policy holders insured by Defendant State Farm Fire & Casualty Company (State Farm) and that  Defendant Kelly Cannon (Cannon) was the agent through whom plaintiffs purchased their State Farm homeowners policy.

According to the complaint and the affidavit of Plaintiff Tyrone Dastugue, a conversation between Tyrone Dastugue and Cannon took place on March 30, 2005.  This conversation concerned the renewal of the homeowners policy on the plaintiffs' residence.  Plaintiffs allege that during this conversation, Cannon stated that the plaintiffs did not need to purchase flood insurance coverage and that the homeowners policy would provide coverage for both wind and water damages sustained in a hurricane. (First Amended Complaint Paragraph 12)  Plaintiffs allege that they relied upon Cannon's statements and upon Cannon's knowledge and expertise in deciding not to purchase flood insurance coverage in addition to the coverage afforded by their State Farm homeowners policy.  Plaintiffs allege that Cannon's statements were negligently made in circumstances that led them to reasonably rely on Cannon's statements to their detriment.

<u>Legal Theory Supporting Removal - Fraudulent Joinder</u>

State Farm's citizenship is diverse from the plaintiffs'; Cannon's citizenship is not.  If Cannon is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that the plaintiffs have fraudulently joined Cannon as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true.  *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981).  State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant.  If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.  These standards are even more liberal toward the plaintiffs than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiffs, the Court must also give the plaintiffs the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

<u>Allegations of the Complaint</u>

Plaintiffs have alleged that when they purchased their State Farm homeowners policy, Cannon told them they did not need to purchase flood insurance.  According to the complaint, Plaintiffs relied upon Cannon's statements in purchasing the State Farm coverage in question and in deciding not to purchase additional coverage for flood damage.  Plaintiff alleges that Cannon's representations were negligent, that the representations were material, that they reasonably relied upon these representations, and that they have suffered damage as a result of this reliance.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

## Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1.  That there was a misrepresentation (or omission) of a fact;
2.  That the misrepresentation (or omission) was material or significant;
3.  That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4.  That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5.  That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit the plaintiffs' theory of recovery and allegations against Cannon.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Representations made by an insurer's agent may become binding when an insured reasonably relies upon the representations in purchasing insurance. *Scott v. Transport Indemnity Co.*, 513 So.2d 889 (Miss.1987); *Nichols v. Shelter Life Insurance Co.*, 923 F.2d 1158 (5th Cir.1991).

Of course, the truth of the plaintiffs' allegations, the circumstances in which Cannon's alleged representations were made, the question of whether the plaintiffs reasonably relied upon the statements they attribute to Cannon, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, Plaintiffs' allegations must be accepted as true; the plaintiffs must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Cannon and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Cannon.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 26th day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge