UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TYRONE DASTUGUE and
CAROL DASTUGUE                                                                              PLAINTIFFS

V.                                                           CIVIL ACTION NO.1:05CV687 LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY
and KELLY CANNON                                                                          DEFENDANTS


**MEMORANDUM OPINION**
**DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

      The Court has before it the motion [27] of Defendants State Farm Fire and Casualty Company (State Farm) and Kelly Cannon (Cannon) for reconsideration of the opinion [24] and order [25] of remand entered on July 26, 2006.  For the reasons set out below, this motion will be denied.

      The motion for reconsideration will be considered as a motion to alter or amend a judgment under F.R.Civ.P. Rule 59.  The basis for the motion is the assertion that the plaintiffs' claim against Cannon for negligent misrepresentation is invalid as a matter of law.  State Farm and Cannon contend that any representation made by an agent that is inconsistent with the express terms of an insurance policy cannot be reasonably relied upon, and hence any action against the agent for negligent misrepresentation must fail as a matter of law.

      State Farm and Cannon do not address the finding in the opinion that the plaintiffs may have stated a valid cause of action for negligence and for negligent misrepresentation based upon Cannon's alleged representation that the plaintiffs did not need to purchase flood insurance.  State Farm and Cannon concentrate on the plaintiffs' allegations that Cannon represented, explicitly or implicitly, that the State Farm homeowners policy would cover any damages that resulted from a hurricane.  The State Farm policy contains a water damage exclusion, and that policy provision excludes damage from storm surge flooding.  State Farm and Cannon argue that because this exclusion is set out in the policy, it was not legally possible that the plaintiffs could reasonably rely on any representation Cannon may have made that led them (the plaintiffs) to believe that the policy would cover storm surge flooding during a hurricane.

      State Farm and Cannon disregard the plaintiffs' allegation that on or about March 30, 2005, Cannon represented to the plaintiffs that they did not need flood

insurance. (Affidavit of Tyrone Dastugue)  Cannon's affidavit (Exhibit D to State Farm's Response to Motion To Remand) is silent with respect to this particular allegation.

In my opinion, under the legal standard that I must apply in this context, this allegation is sufficient to state a cause of action against Cannon for negligence.  The question whether the plaintiffs can offer sufficient evidence to substantiate this allegation is a question of the merits of this cause of action.  There is certainly not enough evidence in the record before me to support a finding that Cannon was not negligent as a matter of law.

Given that the plaintiffs have alleged a theoretically valid cause of action against Cannon and that the plaintiffs have supported that allegation with the affidavit in the record, the standards that I must apply in ruling upon a motion to remand in the context of removal based on allegations of improper joinder require that I remand this case so that it may be litigated in the court in which it was originally brought.

Lacking subject matter jurisdiction of this action under 28 U.S.C. §1332, I am not authorized to consider the merits of any part of the complaint, including the plaintiffs' claim based on negligent misrepresentation concerning the scope of coverage under the State Farm policy.  That is a matter that must be addressed on its merits in state court.  Lacking subject matter jurisdiction, I express no opinion on the merits of plaintiffs' claims or on the merits of the defenses State Farm and Cannon have asserted.

Accordingly, I will deny the motion for reconsideration.  An appropriate order will be entered.

Decided this 21st day of November, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge